USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/8/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

    - against -                  :    **MEMORANDUM DECISION**

VERNON SNYPE,                     :    07 Civ. 9490 (DC)
                                      02 Cr. 0939-3 (DC)
            Defendant.           :

- - - - - - - - - - - - - - - - -x

**CHIN, Circuit Judge**

       Defendant Vernon Snype, proceeding pro se, has filed five motions over the past fourteen months. They are disposed of as follows.

       Snype's March 6, 2011, motion for recusal under 28 U.S.C. § 144 is denied. See Motion for Recusal, Snype v. United States, 07 Civ. 9490 (S.D.N.Y. Mar. 11, 2011), ECF No. 15. My statements at sentencing regarding his guilt are not probative of bias or prejudice requiring recusal under any statute. See, e.g., Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005) (finding affidavits alleging bias under § 144 "insufficient as a matter of law because they alleged only disagreement with decisions [the judge] made in his judicial role"). This Court has full authority to decide the recusal motion. See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)

("Discretion is confided in the district judge in the first instance to determine whether to disqualify himself." (citation omitted)).

Snype filed a motion pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 60(b), as well as a motion to supplement that motion. See Motion for Relief from Judgment Under 28 U.S.C. § 1651 and Fed. R. Civ. P. 60(b), Snype, 07 Civ. 9490 (S.D.N.Y. Oct. 8, 2010), ECF No. 9; Motion to Supplement Pending Motion Under 28 U.S.C. § 1651 and Fed. R. Civ. P. 60(b), Snype, 07 Civ. 9490 (S.D.N.Y. Nov. 15, 2010), ECF No. 11. I grant Snype's motion for permission to supplement and have taken into account his supplemental pleading. I deny the § 1651/Rule 60(b) motion on two grounds. First, his motion raises nothing new. His arguments have been fully considered, on his direct appeal, his § 2255 motion, and his motion for reconsideration. The present motion asserts no exceptional circumstances meriting relief under Rule 60(b) or the All Writs Act. See United States v. Denedo, 556 U.S. 904, 129 S. Ct. 2213, 2220 (2009) (prohibiting the issuance of any extraordinary remedies "when alternative remedies, such as habeas corpus, are available" (quoting and citing United States v. Morgan, 346 U.S. 502, 510-11 (1954))); Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins.

Co., 609 F.3d 122, 131 (2d Cir. 2010) ("Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." (citation and internal quotation marks omitted)); Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (holding that relief under the writ of coram nobis "is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid" (citation, internal quotation marks, and alterations omitted)). Second, to the extent he is asserting what is in essence another § 2255 motion, this court does not have jurisdiction to entertain it. Snype must instead seek permission from the Second Circuit to file a second or successive § 2255 motion. See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) ("Under the Antiterrorism and Effective Death Penalty Act of 1996 . . . a 'second or successive' petition for relief under § 2255 may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements." (citing 28 U.S.C. §§ 2255, 2244(b)(3)(A))).

Snype also filed a motion to hold in abeyance any rulings on his pending motion under 28 U.S.C. § 1651 and Rule

60(b) so that he can file a motion for recusal and receive documents requested under the Freedom fo Information Act. See Motion to Hold in Abeyance Any Rulings on Pending Motion Under 28 U.S.C. § 1651 and Fed. R. Civ. P. 60(b), Snype, No. 07 Civ. 9490 (S.D.N.Y. Jan. 31, 2011), ECF No. 12. I deny this motion. First, the motion is moot because the motion for recusal was denied. Second, there is no basis on the merits for holding any rulings in abeyance.

Finally, I also deny as moot Snype's October 22, 2010, motion for an order directing the Clerk of the Court to serve a copy of Snype's pending 60(b) motion on the government. See Motion to Serve, Snype, No. 07 Civ. 9490 (S.D.N.Y. Oct. 22, 2010), ECF No. 10. The motion is denied as moot as the Court has denied all of his motions on the merits.

SO ORDERED.

Dated:  New York, New York
        December 8, 2011

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation